

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-26-00016-CV

———————————————————

IN RE M.S., Relator

---

Original Proceeding
231st District Court of Tarrant County, Texas
Trial Court No. 231-687524-20

---

Before Kerr, Womack, and Walker, JJ
Memorandum Opinion on Rehearing by Justice Walker

## MEMORANDUM OPINION ON REHEARING

We grant Mother's motion for rehearing, withdraw our January 20, 2026 opinion, and issue this opinion in its place.

We conditionally grant Mother's petition for writ of mandamus and direct the trial court to vacate its May 22, 2025 order, which left Mother and Nonparent as joint managing conservators of the child and which left Nonparent with rights of possession and access to the child over Mother's objections. *See In re C.J.C.*, 603 S.W.3d 804, 819–20 (Tex. 2020) (orig. proceeding). We are confident the trial court will comply with our directives and will issue the writ only if the trial court fails to comply.

## I. BACKGROUND

Mother and Nonparent were divorced in 2018. Within the divorce decree, the trial court found that "there is no child of the marriage of [Mother] and [Nonparent] and that none is expected."

Yet in 2019, Mother and Nonparent were parties to an order in a suit affecting a parent–child relationship. Within the order, the trial court found that Mother and Nonparent had contracted with a third party to impregnate Mother with the hope that Mother would give birth to a child and with the further hope that Mother and Nonparent would raise the child together as part of their marriage. The trial court appointed Mother and Nonparent as the child's joint managing conservators, made Mother the conservator with "the exclusive right to designate the primary residence of

2

the child," and set out a standard possession schedule for Nonparent. Nonparent contractually agreed to pay $600 per month for support of the child. Two years later, the parties entered an agreed order with minor modifications.

But in June 2024, Mother filed a petition to modify the parent–child relationship and sought to have herself appointed as the child's sole managing conservator and to terminate Nonparent's status as the child's joint managing conservator. Within her petition, Mother sought temporary orders and an injunction. Specifically, Mother wanted to be appointed temporary sole managing conservator and wanted Nonparent excluded from possession and access to the child or, alternatively, wanted Nonparent's possession and access to the child continuously supervised.

An associate judge heard Mother's request for temporary orders on July 26, 2024, and provided a written report on July 31, 2024. The associate judge found that there had been a material and substantial change in circumstances but, with minor modifications, left undisturbed the previous orders. Mother requested a de novo hearing before the district judge.

The de novo hearing before the district judge occurred on November 12, 2024. At the hearing, Mother argued the Texas Supreme Court's *C.J.C.* opinion to the court. *C.J.C.* addresses parental rights when the dispute is between a parent and a nonparent. *See id.* After arguments, the district judge orally denied Mother's request to change the associate judge's ruling regarding the temporary orders, which left Nonparent's status

3

as a joint managing conservator with rights of possession and access to the child undisturbed.

Six months later, on May 22, 2025, the district judge signed an order reflecting his November 12, 2024 ruling. And about eight months after that, on January 12, 2026, Mother filed her petition for writ of mandamus complaining about the district judge's November 12, 2024 ruling as reflected by its May 22, 2025 written order.[1]

## II. DISCUSSION

In a modification proceeding between a parent and a nonparent, if the parent was originally named a managing conservator, then in a later modification proceeding, the parent is entitled to a presumption that he or she determines the child's best interest based on his or her fundamental right as a fit parent. *C.J.C.*, 603 S.W.3d at 819–820

At the de novo hearing before the district judge, Nonparent testified that she did not think that Mother was a fit parent, although she admitted having said at the previous hearing that Mother was a fit parent. When asked why Nonparent thought Mother was not a fit parent, she responded, "Because I don't believe that she puts what's in [the child's] best interest ahead of her own agenda for her hatred towards

---

[1]From September to December 2025, Mother litigated in the trial court whether statutes that became effective September 1, 2025, invalidated the trial court's temporary orders. *See* Tex. Fam. Code Ann. §§ 153.002(b), 156.008; Act of May 15, 2025, 89th Leg., R.S., ch. 236, §§ 2, 3, 4, 5, sec. 153.002(b), 156.008, 2025 Tex. Sess. Law Serv. ____, ____ (codified at Tex. Fam. Code §§ 153.002(b), 156.008). Those proceedings are not before us.

me." In contrast, Mother testified that the child was experiencing night terrors and attributed those night terrors to Nonparent. Nonparent, for her part, denied that the child experienced any night terrors while with her. Consequently, the parties disputed why Mother wanted to become the child's temporary sole managing conservator and why she wanted to prohibit Nonparent from having any contact with the child.

Regardless of the explanation, if Mother determined that she did not want her child to see Nonparent, that decision—absent some other extraordinary circumstances—did not render Mother an unfit parent. Nonparent had no inherent rights to the child. Although Mother and Nonparent were formerly married, the record shows that Nonparent is not a parent as defined by the Texas Family Code; she did not give birth to the child, and she did not adopt the child. *See* Tex. Fam. Code Ann. § 160.201(a)(1), (3).

Mother had previously been named a managing conservator. Accordingly, "the child's best interest is embedded with the presumption that it is the fit parent—not a court—who makes the determination whether to allow [a nonparent's request for conservatorship or possession of a child]." *See C.J.C.*, 603 S.W.3d at 820. The district court thus abused its discretion when it accorded Nonparent rights over Mother's objections. *See id.*

### III. CONCLUSION

We conditionally grant Mother's petition for writ of mandamus and direct the trial court to vacate its May 22, 2025 "Order Denying Relief Sought in Request for De

Novo Hearing."[2]  We are confident the trial court will comply.  Our writ will issue only if the trial court fails to do so.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  March 27, 2026

---

[2]Mother asks us to order the trial court to grant specific temporary orders.  We decline.  *C.J.C.* involved temporary orders.  *Id.* at 810.  The supreme court limited its mandamus relief to ordering the trial court to vacate its temporary orders.  *Id.* at 820. We similarly limit the relief granted to vacating the trial court's order.  Furthermore, Mother admits that the trial court had a hearing on December 10, 2025, on her motion to reconsider—the one she based on the statutes that became effective on September 1, 2025.  Thus, the trial court necessarily heard additional evidence on December 10, 2025, to which we are not privy.  Under these circumstances, we decline to instruct the trial court to issue specific temporary orders.